COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Richmond, Virginia


JOHN BOLERO LATEL BANKS

MEMORANDUM OPINION[*] BY
v.        Record No. 0905-08-1          JUDGE RUDOLPH BUMGARDNER, III
                                        JULY 21, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

Ronald L. Smith (Smith Law Firm, on brief), for appellant.

Gregory W. Franklin, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


After the trial court denied his motion to suppress, John Bolero Latel Banks entered a

conditional guilty plea to possessing marijuana with the intent to distribute.  He contends the trial

court erred in holding the police did not need a search warrant.  We conclude the inevitable

discovery exception to the exclusionary rule applies and affirm the conviction.

The evidence is not in dispute.  At 2:02 a.m. on May 19, 2007, the police were dispatched

to a condominium located at 901-A Bridge Crossing in Yorktown because the security alarm was

sounding.  The front door showed signs of forced entry, so Deputy Allen Sadler waited for other

officers to arrive before entering the residence.

Henrietta Morgan owned the condominium.  Her daughter lived there with the defendant.

Morgan did not have a key to the condominium.  The security company that maintained the

alarm system called Morgan when the alarm went off that morning.  Morgan instructed the

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

security company to call the police. She later contacted her daughter, who was in Japan, to get the security code to the residence. Morgan gave the code to the police, and they finally were able to turn off the alarm. When Morgan arrived at the residence at 3:15 a.m., the police were inside the house.

Deputies Sadler and Ben Farr entered the home through the front door at 2:16 a.m. While they entered, Lieutenant Barry Holloway stationed himself at the back door to prevent any intruders from fleeing. The two deputies moved through the residence, checking closets and other areas where a victim or intruder might hide. Immediately upon entering the home, they noticed a strong odor of marijuana. They saw a smoking device with burnt residue that appeared to be marijuana on the counter separating the kitchen from the dining room. In a game room, where the odor of marijuana was particularly strong, they saw a quantity of electronic equipment and televisions. In the cabinet in the master bathroom Deputy Farr saw a box containing small plastic baggies and a digital scale. When the deputies reached the rear of the apartment, they opened the back door and let Lt. Holloway inside.

Lt. Holloway testified that when he entered the apartment, he did not consider the search for suspects or injured people to have ended. However, Deputy Farr stated that after Lt. Holloway entered, the purpose of the search was to find marijuana. Lt. Holloway opened the closet in the game room and found a garbage bag that contained several bags of marijuana. The Commonwealth concedes the lieutenant's searching the closet was improper.

After finding the marijuana in the closet, Lt. Holloway left the residence at about 3:30 a.m. to obtain a search warrant. Deputies Sadler and Farr remained inside the home, but did not take possession of any evidence. Lt. Holloway returned with a search warrant at 5:52 a.m. The police completed their search of the home and seized marijuana and other evidence.

The trial court found that the observations of Deputies Sadler and Farr inside the home provided them with reasonable suspicion of ongoing criminal activity which permitted them to search without a warrant. It further found the police had the owner's consent to enter the home. The defendant maintains those rulings were incorrect, and, on appeal, the Commonwealth concedes the reasoning was in error. However, it asserts the evidence seized from the home was admissible under the doctrine of inevitable discovery despite any illegality in the search prior to obtaining a warrant.

The inevitable discovery exception to the exclusionary rule permits admission of challenged evidence if the Commonwealth proves by a preponderance that the evidence "'ultimately or inevitably would have been discovered by lawful means'" in spite of the illegal conduct. Commonwealth v. Jones, 267 Va. 532, 536, 593 S.E.2d 204, 206 (2004) (quoting Nix v. Williams, 467 U.S. 431, 444 (1984)). In order to have evidence admitted under the inevitable discovery exception, the Commonwealth must show "(1) a reasonable probability that the evidence in question would have been discovered by lawful means but for the police misconduct" and "(2) that the leads making the discovery inevitable were possessed by the police at the time of the misconduct." Id. at 536, 593 S.E.2d at 207.

The defendant concedes that Deputies Sadler and Farr were entitled to enter the home to search for intruders or victims who needed assistance. While conducting that stage of the search, both Deputies Farr and Sadler detected a strong odor of marijuana when they entered the home. As they moved about the condominium, they saw a smoking device containing apparent marijuana residue as well as digital scales and plastic bags. They saw a suspicious quantity of electronic equipment collected near the front door.

Those observations made as the deputies performed a lawful protective sweep of the residence were the basis for the search warrant. The affidavit did not include any information

- 3 -

obtained during the improper stage of the search. Indeed, the defendant concedes the affidavit only contained facts occurring during the lawful protective sweep and before Lt. Holloway entered from the back door. The search warrant was lawfully obtained, and the defendant concedes that, if the search warrant was proper, the inevitable discovery doctrine applies.

The police possessed leads making the discovery of the evidence inevitable at the time of the misconduct. The officers recognized the smell of marijuana throughout the home, and observed drug paraphernalia in plain view. The trial court did not err in denying the motion to suppress the evidence because the police would have inevitably discovered it by lawful means.

Affirmed.